UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CASABLANCA BUILDERS, INC. | ) | Case No. 1:05 CV 2562 |
| | ) | |
| Plaintiff, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| JACK R. RENDLESHAM, et al., | ) | (Resolving Docket No. 24) |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

This matter of plaintiff Casablanca Builders, Inc., motion to enforce settlement agreement and to summarily enter judgment against defendants and to award attorney's fees and sanctions (Docket No. 24) has been referred to the undersigned for report and recommendation.  The motion was heard on June 8, 2006.

Casablanca Builders is a real estate developer/home builder with related entity CBI Properties, Inc. holding title to a lot in the Shetland Court allotment in Highland Heights, Ohio, in which defendants the Rendleshams expressed interest.  The Rendleshams entered into a lot hold and design agreement with Casablanca Builders to purchase a custom designed single family residence. Casablanca Builders began with a houseplan it had purchased from Design Basics, Inc., and employed the services of Pressman & Associates Architects, Inc. to modify the plans to suit the Rendleshams' personal tastes.

The Rendleshams were able to obtain a set of these plans from Casablanca Builders claiming that the plans had to be reviewed by their source of home financing.  Once they obtained the plans,

1:05 CV 2562                                         2

they presented them to Best Value & Quality, Inc., another home builder, which copied them and filed them with the Highland Heights Building Dept. as their own.

The Rendleshams obtained title to the lot without Casablanca Builders constructing the house, and had Best Value & Quality construct the house based on the houseplans purloined from Casablanca Builders. Casablanca Builders discovered that the Rendleshams had built the structure from their design on the lot it had sold them, and that it was not the builder.  The Rendleshams' and Best Value & Quality's deception was not clever since it is hard to conceal a house.

Casablanca Builders held a little secret.  It had obtained the architectural plans for the Rendleshams' residence through license from Design Basics, Inc., a house plan design service. Casablanca Builders did not own the plans.  The  terms of the construction license from Design Basics gave Casablanca Builders a non-transferable, non-exclusive license to build the home depicted in the plan and to reproduce the plan only as required for construction, with no limit on re-use of the plan, or modification of the plan.  However the construction license's caveat was, "no permission is given to claim copyright on the original or any derivative works of this plan.  No other rights are granted and any further distribution is strictly prohibited."  (Joint Exhibit 1).  There was an additional term in a promotional license that "each and every reproduction [of plan-related artwork] includes the proper copyright notice."  (Joint Exhibit 2).

1:05 CV 2562                                                    3

Using the plans modified by Pressman & Associates Architects, Casablanca Builders obtained copyright registration as required before commencing suit, listing itself and Pressman & Associates as joint authors, followed by Pressman & Associates assigning its full interest to Casablanca Builders.  The registration did not make any attributes to the derivitive nature of the houseplans from Design Basics design.  This squarely was in violation of the licenses obtained from Design Basics.

Casablanca Builders, Inc. filed its complaint for money damages and injunctive relief against the  Rendleshams and Best Value & Quality, Inc. asserting a copyright infringement claim for houseplans, unfair competition in violation of the Lanham Act, and state law based claims for conversion, deceptive trade practices, unjust enrichment/*quantum meruit* and practice of architecture without a license.  Casablanca Builders alleged in the complaint that it has been and is still the sole owner of all rights, title and interest in the houseplans.

At  the case management conference held on February 27, 2006, the parties reached a tentative settlement subject to the execution of a mutually agreeable settlement agreement, under plaintiff's representation that Casablanca Builders had acquired plans from Design Basics, but had purchased the plans including the copyright and the right to create derivative works. The court ordering that the docket be marked settled and dismissed with prejudice, retaining continuing jurisdiction to resolve disputes concerning the memorialization of the settlement agreement pursuant to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  Subsequently,  the parties were unable to conclude their settlement negotiations because the settlement was based on a material

1:05 CV 2562                                            4

misrepresentation of Casablanca Builders.    Casablanca Builders balked at including language in the settlement agreement, consistent with the complaint, indicating that it was the owner and joint author of the houseplan design and that it had the right to make derivative works.  Rendleshams' counsel's fear-level was raised when he searched the Design Basics' website and reviewed its standard license arrangement.  At the motion hearing, Casablanca Builders finally revealed the contents of its licenses. Defendants' fears were confirmed to be justified based on the licensing restrictions that nullified Casablanca Builders's copyright claim.


*Nemo dat quod non habet:*

Although the complaint listed several causes of action, all settlement discussion focused on the copyright claim.  There clearly was misrepresentation, innocent or otherwise, by Casablanca Builders at the settlement. Casablanca Builders broaches the subject of other claims such as conversion. The Rendleshams converted Casablanca Builders' houseplans, but their wrong does not rectify Casablanca Builders' passing the plans as its own creation.  The state law claims, however, are pre-empted.  See *Strombeck v. New Line Cinema*, 384 F.3d 283, 300-05 (6th Cir. 2004); *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995); *U.S. ex rel. Berge v. Bd. of Trustees*, 104 F.3d 1453, 1463-65 (4th Cir. 1997).  Had Casablanca not claimed copyright, then some sort of conversion claim may have been justiciable to punish the skullduggery of the Rendleshams and Best Value & Quality, Inc.


In any event, this was irrelevant because the settlement was grounded on the belief that Casablanca Builders had both legal ownership and the right to create derivative works.  As it turned

1:05 CV 2562                                      5

out, it could create derivative works, but its licenses required attribution to Design Builders, and Casablanca Builders had no ownership of the copyright.

*Fraudulent inducement or Mutual Mistake:*

Defendants object to enforcement of the settlement due to fraudulent inducement or mutual mistake.  It could be possible that Casablanca Builders had a memory lapse and forgot that it only had a restrictive license arrangement with Design Builders, Inc.  Regardless, there is essentially a failure of consideration, and the settlement masks possible illegality.[1]  Defendants were operating under the belief that they were settling the matter with a *bona fide* owner of the copyright and they were not.  Casablanca's motion for settlement demands that the parties make the agreed payment and request that judgment be entered accordingly, but the undersigned cannot ascertain what interest in the houseplan design Casablanca would convey in return for this payment.

Summary enforcement of the settlement can only take place where no substantial dispute exists over the terms of the agreement, so all that remains is to finalize the agreement on nonmaterial details.  *RE/MAX Inter., Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001), *cert. denied*, 535 U.S. 987 (2002); *Kukla v. National Distillers Prod. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).  Obviously there can be no summary enforcement because both Casablanca Builders and defendants

---

[1] To enforce the settlement now would bind the parties in conspiracy against Design Basics.  Initially, only Casablanca Builders had knowledge of the derivative nature of the houseplan design, and the others only a suspicion, as they attempted to draft indemnity clauses, ready to invoke if the potential claims of Design Basics or Pressman & Associates arose.  However, now all three have knowledge of possible infringement of Design Basics' design.  The parties would be compelled into an alliance under the mutual terror of discovery by Design Basics.  This request for enforcement does not deserve the court's *imprimatur*.

1:05 CV 2562                                        6

were at best mistaken with regard to the underlying material fact of copyright ownership.  It is
recommended that Casablanca Builders, Inc.'s motion to enforce settlement agreement and to
summarily enter judgment against defendants and motion for attorney fees and sanctions (Docket
No. 24) be denied, and further that the court's order dismissing this case with prejudice remain in
effect.

                                               _____s/James S. Gallas_____
                                               United States Magistrate Judge

Dated: June 13, 2006


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified
time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v.
Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).