UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
CASABLANCA BUILDERS, INC.,      :       CASE NO. 1:05-CV-2562
                                                :
         Plaintiff,                          :
                                                :
vs.                                           :       OPINION & ORDER
                                                :       [Resolving Doc. Nos. 24]
JACK R. RENDLESHAM, ET AL.,   :
                                                :
         Defendants.                      :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Magistrate Judge's Report and Recommendation on Plaintiff Casablanca Builders, Inc.'s motions (1) to enforce settlement agreement and to summarily enter judgment against defendants and (2) for attorney's fees and sanctions. [Doc. 24.]

On April 24, 2006, the Court referred the case to Magistrate Judge James S. Gallas under Local Rule 72.1 for a Report and Recommendation. [Doc. 25.] On June 13, 2006, Magistrate Judge Gallas filed a Report and Recommendation, in which he recommended that the Court deny both the Plaintiff's motion to enforce settlement agreement and to summarily enter judgment against the defendants and the Plaintiff's motion for attorney fees and sanctions. Additionally, Magistrate Judge Gallas also recommended that the court's order dismissing this case with prejudice remain in effect.

The Plaintiff objected to the Magistrate Judge's report, saying that the report and recommendation constituted error because (1) the recommendation to uphold the Court's order dismissing the Plaintiff's complaint in its entirety without allowing the Plaintiff a reasonable

-1-

Case No. 1:05-CV-2562
Gwin, J.

opportunity to be heard on its Lanham Act and state claims violated procedural due process, and (2) even notwithstanding due process considerations, the recommendation to determine that Casablanca's Lanham Act and state claims are preempted is incorrect as a matter of law. [Doc. 37.] The Defendants objected only to certain, limited factual recitations in the Magistrate's Report and also filed a motion in opposition to the Plaintiff's objection. [Docs. 38, 39.]

For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's motions (1) to enforce settlement agreement and to summarily enter judgment against defendants and (2) for attorney's fees and sanctions.

## I. Background

Plaintiff Casablanca Builders, Inc. is a real estate developer/home builder that, along with related entity CBI Properties, Inc., held title to a lot in the Shetland Court allotment in Highland Heights, Ohio in which Defendants the Rendleshams expressed interest. In its complaint, the Plaintiff alleged that the Rendleshams entered into a lot hold and design agreement with Casablanca Builders to purchase a custom designed single family residence. As part of this purported agreement, the Plaintiff alleges that the parties agreed to use blue prints that the Plaintiff initially represented it had jointly authored. Thereafter, the Plaintiff contends that the Defendants impermissibly presented these blue prints to another home builder, Best Value & Quality, Inc., which then (1) copied them and filed them with the Highland Heights Building Dept. as their own and (2) subsequently constructed a house for the Defendants based on the houseplans obtained from the Defendants. As Magistrate Judge Gallas observed, "[t]he Redndleshams' and Best Value & Quality's deception was not clever since it is hard to conceal a house." [Doc. 24.]

If the Defendants' deception was rather obvious, the Plaintiff's equally deceptive actions are

-2-

Case No. 1:05-CV-2562
Gwin, J.

simply perplexing. Using the blue prints at issue in this case, the Plaintiff obtained copyright registration as required before commencing suit, listing itself and Pressman & Associates as joint authors, followed by Pressman & Associates assigning its full interest to Casablanca Builders. Subsequently, the Plaintiff then filed its complaint in this case, asserting a copyright infringement claim regarding the houseplans, unfair competition in violation of the Lanham Act, and state law based claims for conversion, deceptive trade practices, unjust enrichment/*quantum meruit* and practice of architecture without a license.

At a case management conference held on February 27, 2006, the parties then reached a tentative settlement agreement predicated in large measure on the Plaintiff's representation that it had purchased the plans at issue from Design Basics - including the copyright and the right to create derivative works - such that it possessed the authority to bring all the claims in its complaint. Based upon this agreement, the Court ordered that the docket be marked settled and dismissed the case with prejudice.

As it turns out, the Plaintiff's representations were incorrect. Casablanca Builders did not own the architectural plans for the Rendleshams' residence. Rather, the Plaintiff obtained the plans through license from Design Basics, Inc., a house plan design service. Under the terms of that license, the Plaintiff received a non-transferable, non-exclusive license to build the home depicted in the plan and to reproduce the plan only as required for construction. However, the construction license also contained a caveat stating that "no permission is given to claim copyright on the original or any derivative works of this plan. No other rights are granted and any further distribution is strictly prohibited." [Joint Exhibit 1.]

Since the registration filed by the Plaintiff did not disclose or acknowledge the derivative

Case No. 1:05-CV-2562
Gwin, J.

nature of the houseplans from Design Basic, it was clearly in violation of the Casablanca Builders' license. The Defendants became privy to this fact when the parties settlement negotiations stalled because the Plaintiff was unwilling to include language in the settlement agreement indicating that it was the owner and joint author of the blueprints and had the right to make derivative works. Unsurprisingly, the Defendants thereafter were unwilling to finalize the parties' settlement agreement, leading the Plaintiff to file the instant motion to enforce settlement.

After holding a hearing on the Plaintiff's motion on June 8, 2006, the Magistrate Judge filed a Report and Recommendation, in which he recommended that the Court deny (1) the Plaintiff's motion to enforce settlement agreement and to summarily enter judgment against the defendants and (2) the Plaintiff's motion for attorney fees and sanctions. Additionally, Magistrate Judge Gallas also recommended that the court's order dismissing this case with prejudice remain in effect. Both parties subsequently filed objections to the Report and Recommendation, which we review below. [Docs. 37,38,39.]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). As noted in Magistrate Gallas' Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance. [Doc. 24.] Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted. *Id.*

Case No. 1:05-CV-2562
Gwin, J.

### III. Analysis

In this case, the Plaintiff and Defendants are engaged in a fierce contest to see who possesses the dirtiest hands. As was noted by Magistrate Judge Gallas, both parties' actions at least appear deceptive and - without a doubt - fall well short of being "clever." The scope of the Court's inquiry in this instance, however, necessarily excludes much of the deceptive conduct briefly summarized above, as the only issue properly before the Court is whether we should adopt the Magistrate Judge's Report and Recommendation and deny the Plaintiff's motions (1) to enforce settlement agreement and to summarily enter judgment against defendants and (2) for attorney's fees and sanctions. For the following reasons, the Court does exactly that.

In its objection to the Magistrate Judge's Report and Recommendation, Plaintiff Casablanca Builders says that the report constitutes error because (1) the recommendation to uphold the Court's order dismissing the Plaintiff's complaint in its entirety without allowing the Plaintiff a reasonable opportunity to be heard on its Lanham Act and state claims violated procedural due process, and (2) even notwithstanding due process considerations, the recommendation to determine that Casablanca's Lanham Act and state claims are preempted is incorrect as a matter of law. [Doc. 37.] Both arguments indicate that the Plaintiff has fundamentally misinterpreted the nature of the Magistrate Judge's jurisdiction and recommendation.

The only issues properly before the Magistrate Judge - and by extension, now before this Court - were the Plaintiff's motion to enforce the settlement agreement and its motion for attorney's fees and actions against the Defendants. Nonetheless, in its objection to the Magistrate Judge's Report and Recommendation, the Plaintiff's arguments both address the propriety of the Magistrate Judge upholding this Court's previous order dismissing the Plaintiff's complaint in its entirety.

Case No. 1:05-CV-2562
Gwin, J.

Put succinctly, Magistrate Judge Gallas did not possess the authority to vacate this Court's prior order dismissing the Plaintiff's claims and the Plaintiff's contentions to the contrary are simply in error. If the Plaintiff sought to challenge the Court's prior order dismissing its case, it was free to either (1) appeal the order, which functions as a judgment; (2) move the Court to alter or amend the order within 10 days of its entry, pursuant to Federal Rule of Civil Procedure 59(e); or (3) file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. The Plaintiff failed to take any such action. Accordingly, the Magistrate Judge's jurisdiction was appropriately limited to the Plaintiff's respective motions.

With respect to the Plaintiff's motions to enforce the settlement agreement against the Defendants and for attorney's fees and sanctions, the Court adopts the Magistrate Judge's Report and Recommendation. As Magistrate Judge Gallas noted, "[s]ummary enforcement of the settlement can only take place where no substantial dispute exists over the terms of the agreement . . . " [Doc. 36.] Here, the Defendants clearly were under the mistaken impression that they were entering into a settlement with the blueprints actual copyright owner. Regardless of whether that mistaken impression was innocent or fraudulently induced by the Plaintiff, we agree with the Magistrate Judge that "there is essentially a failure of consideration . . . " Accordingly, we adopt the Report and Recommendation and deny the Plaintiff's motions.

Finally, the Defendants also filed a brief objection to the Magistrate Judge's Report and Recommendation, in which they object to certain limited factual recitations in the report. Specifically, the Defendants seeks clarification from the Court that the factual assertions they identify are only a recitation of the Plaintiff's allegations and "form the foundation of the dispute between the parties." To the extent the Magistrate Judge's report needs any clarification, the Court

Case No. 1:05-CV-2562
Gwin, J.

agrees that the parties continue to dispute the factual allegations the Defendants note in their objection.

## IV.  Conclusion

For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Plaintiff's motions to enforce the settlement agreement, summarily enter judgment against defendants and for attorney's fees and sanctions.

IT IS SO ORDERED.

Dated:  October 23, 2006            s/      *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE